IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRIP WHATLEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:19-cv-40-ECM |
| | ) |
| THE OHIO NATIONAL LIFE | ) |
| INSURANCE COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Pending before the Court is Plaintiffs Keith Bowers' and Chris Noone's (collectively "Non-Resident Plaintiffs") Motion to Alter or Amend Order and Memorandum. (Doc. 36). For the reasons that follow, the Court concludes that the motion is due to be denied.

**I. BACKGROUND**

On November 19, 2019, the Court entered a Memorandum Opinion and Order ("Order") wherein it granted the Defendants' motion to dismiss the claims of the Non-Resident Plaintiffs pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. 34). In the Order, the Court determined that the Non-Resident Plaintiffs failed to establish a basis for either general or specific jurisdiction over the Defendants. Specifically, the Non-Resident Plaintiffs did not allege sufficient facts to show that the Defendants were "at home" in Alabama, nor did they demonstrate that their claims arose out of or related to any

of the Defendants' contacts with Alabama. Accordingly, the Court dismissed the Non-Resident Plaintiffs' claims for lack of personal jurisdiction.

The Non-Resident Plaintiffs thereafter filed a Rule 59(e) Motion to Alter or Amend Order and Memorandum, arguing that while the Court dismissed their claims on jurisdictional grounds, "the Court also appears to have dismissed all the substantive claims of all the Plaintiffs, including the Nonresident Plaintiffs, **with prejudice**." (Doc. 36 at 2) (footnote omitted) (emphasis in original).

As set forth below, the Court did not dismiss the substantive claims of the Non-Resident Plaintiffs with prejudice, and thus, did not err.

## II. STANDARD OF REVIEW

"A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248 at *1 (M.D. Ala. 2012). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Id*. (quoting *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Moreover, "Rule 59(e) was not constructed 'to give the moving party another bite at the apple . . ..'" *Id*. (quoting *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citations omitted). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Id*. (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

## III. DISCUSSION

The Non-Resident Plaintiffs assert that, under their interpretation of the Order, the Court committed an error of law. (Doc. 36 at 2). Their argument goes like this – "[t]he dismissal of the Nonresident Plaintiffs' substantive claims with prejudice, given the Court's determination that it lacked jurisdiction over Defendants with regard to the Nonresident Plaintiff's [sic] claims, is respectfully, an error of law." (*Id*.). The Non-Resident Plaintiffs, however, misinterpret the Order.

While dismissal of substantive claims with prejudice after finding personal jurisdiction over the Defendants lacking as to those claims would be error, *see Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990) ("[w]e vacate the district court's holding regarding the application of the [statute of limitations] because the [defendant] was not subject to the jurisdiction of the court, and therefore could not be personally bound by its rulings."), this is not what the Court did in its Order.

Before analyzing any of the substantive claims in the case, the Court addressed whether it could exercise personal jurisdiction over the Defendants as it related to the Non-Resident Plaintiffs' claims. After concluding that personal jurisdiction did not exist, the Court ruled that "[b]ecause the Plaintiffs fail to establish a basis for either general or specific jurisdiction, the Defendants' Motion to Dismiss Bowers' and Noone's claims is due to be granted." (Doc. 34 at 11). The Court, therefore, resolved the jurisdictional issue relating to the Non-Resident Plaintiffs, and dismissed their claims on that basis.

The Court then proceeded to analyze the substantive claims of the *remaining* Alabama plaintiffs. Indeed, in footnotes six and seven of the Order, the Court expressly

3

references Alabama law when analyzing the substantive claims of the remaining Alabama plaintiffs. (*Id*. at 17 & 20). The Court did not analyze either Georgia or Mississippi law – the respective states where the Non-Resident Plaintiffs reside – because the claims of the Non-Resident Plaintiffs were dismissed on jurisdictional grounds.

While the Court explicitly dismissed the substantive claims of the Alabama residents with prejudice, it did not do so with respect to the claims of the Non-Resident Plaintiffs. Pursuant to Rule 41(b) "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – *except one for lack of jurisdiction . . .* – operates as an adjudication on the merits." FED. R. CIV. P. 41(b) (emphasis added). The plain language of Rule 41(b) makes clear that a dismissal for lack of jurisdiction *does not* operate as an adjudication on the merits.

Here, the Court's Order reads "[t]he Defendants' Motion to Dismiss the claims of non-resident Plaintiffs Bowers and Noone for lack of personal jurisdiction is GRANTED." (Doc. 34 at 22). This language made clear that the Court dismissed the Non-Resident Plaintiffs' claims on jurisdictional grounds, which, by operation of Rule 41(b), was a dismissal without prejudice.

The only legal error alleged by the Non-Resident Plaintiffs is that which is based on an erroneous reading of the Court's Order. The Court dismissed the claims of the Non-Resident Plaintiffs without prejudice and dismissed the substantive claims of the remaining plaintiffs with prejudice.

## IV. CONCLUSION

For these reasons, it is

ORDERED that the Non-Resident Plaintiffs' Motion to Alter or Amend Order and Memorandum (doc. 36) is hereby DENIED.

Done this 2nd day of December, 2019.

                          /s/ Emily C. Marks
                          EMILY C. MARKS
                          CHIEF UNITED STATES DISTRICT JUDGE